IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY,
AT CLARKSVILLE, TENNESSEE

| | |
|---|---|
| JORGE RODRIGUEZ, ) | MC CC CV 2011 1098 |
| Plaintiff, ) | |
| ) | Case No. _____ |
| V. ) | Judge _____ |
| ) | |
| THE AUTOMOBILE INSURANCE ) | |
| COMPANY OF HARTFORD, ) | JURY DEMAND |
| CONNECTICUT, ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Jorge Rodriguez, for his Complaint against the Defendant, The Automobile Insurance Company of Hartford, Connecticut, doing business as Travelers ("Travelers" or "Defendant"), would respectfully show and allege to the Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Jorge Rodriguez ("Rodriguez" or "Plaintiff"), is a resident of 7711 Brettonwood Drive, Tampa, FL 33615.

2. Plaintiff owns property in Clarksville, Tennessee located at 111 Adkins Street.

3. Defendant is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee with its principal place of business located in Hartford, Connecticut. The registered agent for service of process of Travelers is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

4. Plaintiff's claim for relief arises from a covered sinkhole loss to his property located at 111 Adkins Street, Clarksville, Tennessee ("Property"). Venue is proper pursuant to Tenn. Code Ann. § 20-4-103.

1

5. At all times material hereto, Plaintiff has been the owner of the Property.

6. Plaintiff renewed or procured a policy of homeowners insurance ("Policy"), from Defendant covering the above-referenced Property on or about April 20, 2009. A copy of the Policy is not attached but is in the possession of Defendant and is being requested.

7. In consideration of monies paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's Property against risks, including sinkhole collapse. The insurance policy provided dwelling insurance coverage in the amount of $157,000.00, in addition to other coverages.

8. Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

9. On or about May 23, 2009, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

10. The damage to Plaintiff's Property is caused by a covered peril under the Policy.

11. A notice of loss and damage was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

12. Subsequently, on or about July 9, 2010, Defendant advised Plaintiff, that it was denying coverage under the Policy. Defendant represented to Plaintiff that an exclusion contained in the Policy applied and excluded coverage for the claim.

13. On or about July 9, 2010, Defendant failed to acknowledge or cite to the sinkhole loss coverage that the Plaintiff had under his Policy.

14. At the same time, Defendant stated to Plaintiff that several exclusions applied and that "sinkhole" was excluded from the Policy.

2

15. Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to Plaintiff for the loss and damage sustained.

16. Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## **BREACH OF CONTRACT**

17. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

18. Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of sinkhole activity.

19. Defendant failed to properly investigate the Property as required under the Policy and by state statute.

20. Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

21. Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner.

22. Defendant intentionally ignored repeated requests to reconsider its wrongful denial of insurance policy coverage for the Plaintiff's claims.

23. Defendant represented to its insured that exclusionary language contained in the policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

24. Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss.

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

25. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant has violated the Tennessee Consumer Protection Act of 1977 ("TCPA"), §§ 47-18-101, *et seq.*, by engaging in various unfair, misleading or deceptive acts or practices, including, but not limited to:

(A) attempting to deceive or misrepresenting or failing to act fairly by not paying Plaintiff for damages, when Defendant represented in its policy it would provide coverage for covered perils, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5) and (b)(27);

(B) failing to disclose to Plaintiff that sinkhole loss is a covered peril under Plaintiff's Policy, when sinkhole loss is a covered peril under Plaintiff's Policy, in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27);

(C) attempting to deceive or misrepresenting that sinkhole activity is not a covered peril under Plaintiff's Policy, when sinkhole activity is a covered peril, in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27);

(D) failing to comply with Tenn. Code Ann. §§ 56-7-130 when Defendant had an obligation to comply with Tenn. Code Ann. §§ 56-7-130 in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27).

27. The Defendant's acts and/or omissions in violation of the TCPA were made willfully or knowingly, thereby entitling Plaintiff to treble damages and attorney fees pursuant to Tenn. Code Ann. § 47-18-109.

## FRAUD AND MISREPRESENTATION

28. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 27 above as though fully set forth herein.

4

29. Defendant committed fraud by intentionally or recklessly misrepresenting to the insured Plaintiff that exclusionary language contained in the insured's policy excluded coverage, when in fact the policy does not exclude such coverage. Such misrepresentation was committed knowingly or recklessly for the purpose of taking undue advantage of the insured and was justifiably relied on by the insured, who accepted the representation as true.

## UNFAIR CLAIMS PRACTICES

30. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31. Defendant committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

(A) Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiff's claim, in violation of Tenn. Code Ann. § 56-8-105;

(B) Refusing to pay Plaintiff's claim without conducting reasonable investigation in violation of Tenn. Code Ann. § 56-8-105; and

(C) Knowingly misrepresenting relevant policy provisions relating to coverages at issue in violation of Tenn. Code Ann. § 56-8-105.

32. The Defendant's acts and/or omissions regarding this claim were made willfully or knowingly.

## NEGLIGENCE *PER SE*

33. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Defendant failed to follow the minimum standards for investigating a sinkhole claim as set forth in Tenn. Code Ann. § 56-7-130 (d), including but not limited to the following respects:

5

(A)  Defendant denied the claim prior to conducting any type of investigation as required under Tenn. Code Ann. § 56-7-130 (d)(2);

(B)  Defendant failed to obtain a written certification stating that the cause of the claim is not sinkhole activity as required under Tenn. Code Ann. § 56-7-130 (d)(2); and

(C)  After additional requests by the Plaintiff, Defendant still failed to conduct analysis of sufficient scope to eliminate sinkhole activity as the cause of the damage as required under Tenn. Code Ann. § 56-7-130 (d)(2).

35. As a result of Defendant's failure to perform its statutory duty, Plaintiff has been injured. Plaintiff was within the protection of the Tenn. Code Ann. § 56-7-130 and § 47-18-101, *et seq.*, and was intended to benefit from these laws.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) treble damages; and (vii) any other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which he is entitled under the common law, and the Tennessee Consumer Protection Act, including compensatory damages, treble damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

Respectfully submitted,

*Sonya S. Wright* (signature)

Joshua E. Burnett, BPR 027686
Sonya S. Wright, BPR 023898
Marshall Thomas Burnett
214 West Main Street
Murfreesboro, Tennessee 37130
(615) 896-8000, phone
(615) 896-8088, facsimile

*Attorneys for Plaintiffs*

7